**KRIS J. KRAUS**
California State Bar No. 233699
**JENNIFER L. COON**
California State Bar No. 203913
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
email: Kris_Kraus@fd.org
Jennifer_Coon@fd.org

Attorneys for Mr. Hernandez-Bello

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY T. MOSKOWITZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR0341-BTM |
| Plaintiff, | ) ) | DATE: August 14, 2008 |
| | ) | TIME: 10:00 a.m. |
| v. | ) ) | |
| FIDEL HERNANDEZ-BELLO, | ) ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND |
| Defendant. | ) ) ) | AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS *IN LIMINE* |

**I.**

**STATEMENT OF FACTS**

Mr. Hernandez-Bello hereby incorporates by reference his previously filed statement of facts. These motions follow.

**II.**

**THIS COURT SHOULD PRECLUDE EVIDENCE REGARDING
THE DRIVER'S STATEMENTS AND COUNTERFEIT DOCUMENTS**

Mr. Hernandez-Bello anticipates that the government may seek to admit evidence regarding the driver of the vehicle in which Mr. Hernandez-Bello was allegedly found. Specifically, the government has proffered that the driver, Jacob Shawn Estilow, was interviewed by agents and stated that he: 1) drove the vehicle knowing that it contained illegal aliens; 2) had been instructed to drive the aliens to a specific location in Chula Vista, and 3) expected payment of $1,000 for his smuggling effort. See Gov't Mots. in

1    Lim. at 3. In addition, discovery indicates that when the driver arrived at the port of entry, he presented or
2    was found with a counterfeit California driver's license, vehicle registration, and vehicle license plate. The
3    driver was subsequently released without prosecution, see id., and has not been located by the defense.
4    Evidence regarding the driver's alleged statements and counterfeit documents, particularly if he does not
5    appear at trial, is irrelevant under Federal Rule of Evidence 401, more prejudicial than probative and
6    confusing and misleading to the jury under Federal Rule of Evidence 403, inadmissible hearsay under
7    Federal Rule of Evidence 801 and 802, and violative of Mr. Hernandez-Bello's constitutional rights to
8    confrontation, due process, and a fair trial under the Fifth and Sixth Amendments. U.S. Const. Amends. V,
9    VI; Crawford v. Washington, 541 U.S. 36 (2004) (holding that admission of testimonial statements of a
10   witness who does not appear at trial and who the defendant did not have a prior opportunity to cross-examine
11   violates the confrontation clause of the Sixth Amendment).

12   Evidence of out-of-court statements by the driver is classic hearsay, inadmissible under the Rules
13   of Evidence. Such evidence patently would be offered for the truth of the matter asserted, see Fed. R. Evid.
14   801, *i.e.*, that the driver was knowingly smuggling aliens, and is subject to no hearsay exception under Rule
15   803. Admission of such evidence would also violate Mr. Hernandez-Bello's Sixth Amendment right to
16   confront and cross-examine the witnesses against him. U.S. Const. Amend. VI; Crawford, 541 U.S. 36.

17   Moreover, Mr. Hernandez-Bello's inability to cross-examine the driver, or indeed even to interview
18   him, is due to the government's unilateral decision to release the driver without prosecution. As a result,
19   admission of evidence regarding the driver's statements and counterfeit documents would also violate Mr.
20   Hernandez-Bello's constitutional rights to due process and a fair trial. U.S. Const. Amends. V, VI.

21   Even if the driver were to testify personally at trial, evidence regarding the driver's intent, knowledge,
22   and possession of counterfeit documents would be inadmissible under Rules 401 and 403. Whether or not
23   the driver believed he was smuggling aliens, or whether the driver used counterfeit documents in connection
24   with his own identity or the vehicle, is irrelevant to any issue in this case. In particular, such evidence has
25   no bearing on whether **Mr. Hernandez-Bello** had the conscious desire to enter the United States illegally.
26   Likewise, such evidence would be extremely and unduly prejudicial and would likely confuse and mislead
27   the jury. There is great danger that the jury will assume that Mr. Hernandez-Bello is guilty of attempted
28   entry merely because he was associated with another individual in the vehicle -- not available for cross-

1  examination -- who used counterfeit documents and admitted guilt. Accordingly, such evidence must be
2  precluded.

### III.

**THIS COURT SHOULD PRECLUDE EVIDENCE
OF ANY OTHER PASSENGERS IN THE CAR**

The government is also expected to proffer that two other individuals were found hiding in the back of the vehicle along with Mr. Hernandez-Bello. Such evidence should be precluded as irrelevant under Federal Rule of Evidence 401, unduly prejudicial and likely to confuse and mislead the jury under Federal Rule of Evidence 403, and violative of Mr. Hernandez-Bello's constitutional rights to confrontation, due process and a fair trial under the Fifth and Sixth Amendments. U.S. Const. Amends. V, VI; Crawford v. Washington, 541 U.S. 36 (2004).

According to discovery, the two other individuals found in the vehicle were undocumented aliens who were expeditiously removed from the United States, without any waiver by Mr. Hernandez-Bello of his Lujan-Castro rights. See United States v. Lujan-Castro, 602 F.2d 877 (9th Cir. 1979) (waiver of right to retain deportable alien witnesses must be knowing and intelligent). Accordingly, Mr. Hernandez-Bello never had an opportunity to interview, much less cross-examine, those individuals regarding their presence in the vehicle or the circumstances of their arrest. Moreover, whether or not those individuals attempted to illegally enter the United States, or whether the driver of the vehicle was assisting them to do so, has no bearing on **Mr. Hernandez-Bello's** conscious desire to enter the United States. Again, there is great danger that the jury will assume that Mr. Hernandez-Bello is guilty merely because they believe that others in the car -- who have been deported and are unavailable for cross-examination -- are guilty too. Accordingly, such evidence must be precluded.

//
//
//
//
//
//

IV.

**THIS COURT SHOULD PRECLUDE ANY EVIDENCE
UNDER FEDERAL RULE OF EVIDENCE 404(B) AND 609**

The Court should preclude the Government from introducing any Rule 404(b) or Rule 609 evidence. The Court should preclude 404(b) evidence because the Government has failed to provide any notice, and the Government has not established that such evidence is relevant. All Rule 609 evidence should be precluded because it is irrelevant, and any probative value is substantially outweighed by its prejudicial effect.

**A.    This Court Should Exclude All 404(b) Evidence.**

This Court should exclude all 404(b) evidence because the Government has failed to comply with its obligation to provide timely notice. Rule 404(b) requires that the Government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. FED. R. EVID. 404(b). The notice requirement is triggered when timely requested by the defendant. United States v. Vega, 188 F.3d 1150, 1154 (9th Cir. 1999). Here, Mr. Hernandez-Bello requested notice in his February 4, 2008 motion for discovery. To date, government counsel has not indicated that he intends to offer such evidence; therefore, the Government should be precluded from introducing such evidence at trial.

Moreover, the Government carries the burden of showing how any other acts evidence is relevant to one or more issues in the case; therefore, "it must articulate precisely *the evidential hypothesis* by which a fact of consequence may be inferred from the other acts evidence." United States v, Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (citing United States v. Hernandez-Miranda, 601 F.2d 1104, 1108 (9th Cir. 1979)) (emphasis added); accord United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993). Because the Government has not presented an evidential hypothesis, this evidence must be excluded under Federal Rules of Evidence 401, 404(b) and 403.

**B.    This Court Should Exclude All 609 Evidence.**

Under Rule 609, evidence of prior convictions is usually admissible only under certain circumstances, and in the discretion of the Court. Federal Rule of Evidence 609(a)(1) restricts impeachment of the accused by evidence of a prior conviction to only those offenses for which the Court determines that the probative value outweighs its prejudicial effect to the accused. The Government should be precluded

1  from introducing any evidence of prior convictions because it is irrelevant under Federal Rule of Evidence
2  401 and prejudicial under Federal Rule of Evidence 403. Even if Mr. Hernandez-Bello were to testify at
3  trial, the danger of unfair prejudice would substantially outweigh any possible relevance of his prior offense.
4  Fed. R. Evid. 401, 403 & 609.

5  To the extent that this Court rules that Mr. Hernandez-Bello's alleged prior convictions are
6  admissible under Federal Rule of Evidence 609, this Court should redact any documents referencing, and
7  preclude the prosecutor from referring to, the offense and specific facts of any crime for which
8  Mr. Hernandez-Bello was convicted. Such information would be more prejudicial than probative of
9  Mr. Hernandez-Bello's guilt of the charged offense.

**V.**

**THE GOVERNMENT MUST BE PRECLUDED FROM INTRODUCING DOCUMENTS FROM THE A-FILE**

**A.     None of the A-File Documents Are Admissible Under Any Rule of Evidence**

Mr. Hernandez-Bello anticipates that the Government may seek to admit other documents from the A-File, including the order to show cause why a person should not be deported and warnings regarding the possible penalties for reentry. None of these documents from the A-File are admissible to establish any matter at issue in this trial. All documents from the A-File—except the warrant of deportation and the order of deportation—are irrelevant under Federal Rule of Evidence 401; more prejudicial than probative, cumulative, and a waste of time under Federal Rule of Evidence 403; and inadmissible hearsay under Federal Rule of Evidence 803(8).

1.     The Notice to Appear Is Inadmissible.

The Notice to Appear is inadmissible under Federal Rules of Evidence 401, 403, and 803(8). The Notice to Appear is a document that provides an alien with *notice* of the grounds for removal. It does not record the "objective, ministerial fact" of alienage or of a deportation any more than an indictment provides an objective observation that a person committed a crime. This document is nothing more than an *accusation* that the Government must prove in an immigration proceeding.

//
//

5                                                                08CR0341-BTM

1          2.      <u>The Warnings of Possible Penalties Is Inadmissible</u>.

2     Likewise, the warning of possible penalties is inadmissible under Federal Rules of Evidence 401, 403, and 803(8). The warning of possible penalties contains boilerplate statements (drafted by the former INS) regarding the penal consequences to an alien who illegally reenters the country. This document contains inadmissible hearsay, and is completely irrelevant, as it makes no fact at issue in this case more or less probable. It is also more prejudicial than probative. Among other things, given the serious consequences listed on the warning of possible penalties, jurors may be led to speculate what this defendant did to be subject to such harsh penalties upon reentry; needless to say, such speculation is completely irrelevant to the charge at hand, and could be severely prejudicial. Accordingly, the warnings of possible penalties also must be excluded at trial.

**B.    The Certificate of Nonexistence of Record is Inadmissible Because It Violates the Confrontation Clause of the U.S. Constitution and Allows the Government to Circumvent its Discovery Obligations.**

Mr. Hernandez-Bello has not received notice that the government intends to introduce a Certificate of Nonexistence of Record (hereinafter "CNER"). Therefore, Mr. Hernandez-Bello assumes that the government will not attempt to use such a document. Nonetheless, this document is inadmissible because it violates the Confrontation Clause. U.S. Const. Amend. VI; <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) (holding that admission of testimonial statements of a witness who does not appear at trial and who the defendant did not have a prior opportunity to cross-examine violates the confrontation clause of the Sixth Amendment). <u>But see</u> <u>United States v. Cervantes-Flores</u>, 421 F.3d 825 (9th Cir. 2005) (holding that CNER is non-testimonial). If the government changes its position on this issue, Mr. Hernandez-Bello requests the opportunity to submit further briefing on this issue.

**VI.**

**THIS COURT SHOULD COMPEL INSPECTION OF
CERTIFIED DOCUMENTS PRE-TRIAL**

While Mr. Hernandez-Bello objects to the introduction of any A-File documents, it is clear that no public record can be introduced unless certified. While the defense has received photocopies of several documents in discovery, it has not received copies of any alleged certifications. Typically, these simply

1 appear in the middle of trial. Defense counsel requests an opportunity to inspect any alleged certifications
2 pre-trial, so that any issues can be dealt with in a timely and appropriate way.

**VII.**

**THIS COURT SHOULD PRECLUDE THE "A-FILE CUSTODIAN" FROM TESTIFYING ABOUT IMMIGRATION PROCEEDINGS**

Under the Fifth and Sixth Amendments, a defendant has a constitutional right to a fair trial and to confront witnesses. Additionally, evidence must be relevant and not create confusion, or be prejudicial. FED. R. EVID. 401, 403. Finally, no lay witness is permitted to offer an opinion or testify about specialized knowledge. FED. R. EVID. 702; United States v. Figueroa-Lopez, 125 F.3d 1241, 1245 (9th Cir. 1997) (expert opinion need not be based upon highly technical knowledge; it may be based upon knowledge which would be "unfamiliar" to "the ordinary juror").

In this case, the Government is expected to call the "A-File custodian" to establish the foundation for the admission of selected documents from Mr. Hernandez-Bello's A-File. It is also expected that the Government will ask the "A-File custodian" how immigration proceedings work and what occurs when an individual is physically deported. Such testimony is inadmissible under Federal Rules of Evidence 401, 403, 702, 802, and its admission would violate Mr. Hernandez-Bello's rights to a fair trial and to confront witnesses under the Fifth and Sixth Amendments. For example, it is unlikely that the "A-File custodian" has participated in deportation proceedings as either an immigration judge, an immigration attorney, a deportation enforcement officer, or a deportee; thus, he would not be testifying from his or her own personal knowledge, but rather from the hearsay statements of other people who were not presented by the Government for cross-examination by Mr. Hernandez-Bello. Accordingly, this Court should preclude the "A-File custodian" from testifying about how immigration proceedings work and about the significance of documents related to those proceedings. Rather, assuming the Court finds the A-File documents admissible despite Mr. Hernandez-Bello's arguments to the contrary, this Court should limit the "A-File custodian's" testimony to laying a foundation for the admission of the A-File documents—and only then to the extent that the "A-File custodian" has the personal knowledge necessary to lay that foundation.

//
//

**VIII.**

**THIS COURT SHOULD PRECLUDE THE "A-FILE CUSTODIAN" FROM TESTIFYING ABOUT SEARCHING DATABASES FOR PERMISSION TO REENTER**

Counsel anticipate that the Government will seek to establish, through the "A-File custodian," that Mr. Hernandez-Bello lacked permission to reapply for admission to the United States. Typically, this consists of the agent's explaining that he searched two databases and the A-File for a so-called "I-212" form by which an alien can apply for permission to reapply for admission to the United States, and found none. Such testimony is inadmissible under Federal Rules of Evidence 401, 403, 702, 802, 1002, and its admission would violate Mr. Hernandez-Bello's rights to a fair trial and to confront witnesses under the Fifth and Sixth Amendments.

The best evidence rule provides that the **original** of a "writing, recording, or photograph" is required to prove the contents thereof. FED. R. EVID. 1002. A writing or recording includes a "mechanical or electronic recording" or "other form of data compilation." FED. R. EVID. 1001(1).

> An "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it . . .. If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original."

FED. R. EVID. 1001(3).

In United States v. Bennett, 363 F.3d 947 (9th Cir. 2004), a case out of this district, the defendant was charged with importation of marijuana and possession with intent to distribute. The agent testified that the boat, which was found in United States' waters, had traveled into the United States from Mexico, based on data the agent saw on the ship's global positioning system. The Court found that the best evidence rule applies in cases, like this one, "when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself-particularly when the witness was not privy to the events those contents describe." Id. at 953 (citing FED. R. EVID. 1002 Advisory Committee's note). The Ninth Circuit held that, based on the best evidence rule, the district court committed reversible error by allowing the introduction of this testimony. Id. at 956.

Here, it is anticipated that the Government will seek to establish that an I-212 form was not submitted, based on an agent's alleged review of data contained on a Government database. Under Rule

1002, however, the best evidence is the database itself, or a report generated from the database, not an agent's testimony. Therefore, the introduction of this testimony is violative of the Rule 1002.

Moreover, as explained previously, under the Fifth and Sixth Amendments, a defendant has a constitutional right to a fair trial and to confront witnesses. Additionally, evidence must be relevant and not create confusion or be prejudicial. FED. R. EVID. 401, 403. Finally, no lay witness is permitted to offer an opinion or testify about specialized knowledge. FED. R. EVID. 702; United States v. Figueroa-Lopez, 125 F.3d 1241, 1245 (9th Cir. 1997) (expert opinion need not be based upon highly technical knowledge; it may be based upon knowledge which would be "unfamiliar" to "the ordinary juror").

The "A-File custodian's" testimony regarding database searches violates these rights on several levels. For example, it is unlikely that the "A-File custodian" has himself or herself input the information he allegedly searches for into the databases that he testifies about; rather, he or she is testifying about what other persons have input (or failed to input). Accordingly, the "A-File custodian" has no personal knowledge whatsoever regarding why information regarding Mr. Hernandez-Bello does or does not appear in these systems, but is instead testifying from the hearsay statements of other people who were not presented by the Government for cross-examination by Mr. Hernandez-Bello.

Equally troubling, the "A-File custodian" is not a database or immigration expert. Yet, it is clear that searching complex Government databases for specialized information reflecting legally-complex immigration procedures requires specialized knowledge far outside the ken of a lay witness. Finally, the "A-File custodian's" testimony regarding database searches yielding no evidence of permission to reapply for admission can only serve to confuse the jury and prejudice Mr. Hernandez-Bello. By allowing the "A-File custodian" to testify in a conclusory manner regarding searches he is not qualified to perform, this Court virtually ensures that the jury will give the "A-File custodian's" testimony far more weight than it is due.

## IX.

### MR. HERNANDEZ-BELLO MUST BE GIVEN THE OPPORTUNITY TO ATTACK THE CREDIBILITY OF THE HEARSAY DECLARANT

Under the Federal Rules of Evidence and the Fifth and Sixth Amendments to the Constitution, Mr. Hernandez-Bello must be given the opportunity to attack the credibility of all hearsay declarants. Federal Rule of Evidence 806, provides:

> When a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain. If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine the declarant on the statement as if under cross-examination.

It is anticipated that the Government will attempt to introduce hearsay evidence (*e.g.*, documents, or the lack of documents, from Mr. Hernandez-Bello's A-File) under a theory that the evidence is admissible under FRE 803(6) ("Records of Regularly Conducted Activity") and 803(7) ("Absence of Entry in Records Kept in Accordance With the Provisions of Paragraph (6)"). The declarant in the context of Rules 803(6) and 803(7) is the business or organization itself (*i.e.*, the Department of Homeland Security ["DHS"] (and its predecessor in interest the Immigration and Naturalization Service ["INS"]). If the Government seeks to introduce hearsay evidence on the basis of Rule 803(6) or 803(7), then Mr. Hernandez-Bello must be given the opportunity to attack the credibility of the hearsay declarant (*i.e.*, the DHS or INS). The types of impeachment include, but are not limited to, reputation and prior inconsistent statements. See FED. R. EVID. 608; FED. R. EVID. 613(b); United States v. Moody, 903 F.2d 321, 328-29 (5th Cir. 1990). The failure to allow Mr. Hernandez-Bello the opportunity to impeach the credibility of the hearsay declarant is reversible error and a violation of his Sixth Amendment right to confrontation and his Fifth Amendment right to due process. See Moody, 903 F.2d at 329; see also United States v. Wali, 860 F.2d 588 (3d Cir. 1988).[1]

## X.

### THE COURT SHOULD EXCLUDE THE A-FILE CUSTODIAN FROM THE COURTROOM

The Court shall exclude witnesses (other than a party to the proceeding) from the courtroom "so that they cannot hear the testimony of other witnesses," unless the person's presence is shown "to be essential

---

[1] United States v. Rodriguez-Rodriguez, 393 F.3d 849 (9th Cir. 2005), is not to the contrary. In Rodriguez-Rodriguez, the Ninth Circuit incorrectly determined that the trial court's refusal to allow cross-examination regarding the record keeping practices of the INS did not violate the defendant's rights under the Confrontation Clause. Here, the proposed introduction of testimony is premised on the theory of impeachment of the hearsay declarant. Thus, Rodriguez-Rodriguez is inapplicable.

1  to the presentation of the party's cause..." or the person is authorized by statute to be present. Fed. R. Evid.

2  615. The government has made no showing that the A-file custodian is such a person. Traditionally,

3  witnesses such as the A-file custodian do not participate in the arrest or investigation of deported alien cases

4  other than to request and temporarily keep the accused's immigration "A" file. The government will use this

5  witness as nothing more than a custodian to lay a foundation for the admission of certain documents it

6  considers relevant. The Court should treat this witness as any other witness in this case and exclude him

7  from trial.

8                                                    **XI.**

9              **THIS COURT SHOULD ALLOW ATTORNEY-CONDUCTED VOIR DIRE**

10      Pursuant to Rule 24(a), Federal Rules of Criminal Procedure, to provide effective assistance of

11  counsel and to exercise Mr. Hernandez-Bello's right to trial by an impartial jury, defense counsel requests

12  the opportunity to personally voir dire the prospective members of the jury.

13                                                   **XII.**

14          **THIS COURT SHOULD ORDER PRODUCTION OF GRAND JURY TRANSCRIPTS**

15      The Court should order production of grand jury transcripts if a witness who likely will testify at the

16  trial of Mr. Hernandez-Bello also is likely to have testified before the grand jury. <u>Dennis v. United States</u>,

17  384 U.S. 855 (1966); Fed. R. Crim. Proc. 26.2(f)(3). The defense requests that the government make such

18  transcripts available in advance of trial to facilitate the orderly presentation of evidence and to remove any

19  need for recess in the proceedings for defense counsel to examine the statements pursuant to Federal Rule

20  of Criminal Procedure 26.2(d).

21                                                  **XIII.**

22                          **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

23      As new information comes to light, the defense may find it necessary to file further motions.

24  Therefore, defense counsel requests the opportunity to file further motions based upon information gained

25  from any further discovery.

26  //

27  //

28  //

# XIV.

# **CONCLUSION**

For the reasons stated above, Mr. Hernandez-Bello moves this Court to grant his motions.

Respectfully submitted,

Dated: August 8, 2008

*/s/ Jennifer L. Coon*
**JENNIFER L. COON**
**KRIS J. KRAUS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Hernandez-Bello