```
KAREN P. HEWITT
United States Attorney
CARLOS ARGUELLO
Assistant U.S. Attorney
California Bar No. 157162
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6252
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08cr0341BTM |
| Plaintiff, | DATE: August 18, 2008 |
| | TIME: 9:00 a.m. |
| v. | |
| | Honorable Barry Ted Moskowitz |
| | Courtroom 15 (5th Floor) |
| FIDEL HERNANDEZ-BELLO, | |
| | UNITED STATES' TRIAL MEMORANDUM |
| Defendant. | |

COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Carlos Arguello, Assistant United States Attorney, and files the attached trial memorandum.

///

///

///

///

///

///

///

**I**

**STATUS OF THE CASE**

A. <u>INDICTMENT</u>

Defendant Fidel Hernandez-Bello is charged in a one-count Indictment with Attempted Entry After Deportation in violation of Title 8, United States Code, Sections 1326(a) and (b), together with an allegation that he was removed from the United States subsequent to February 3, 2005.

B. <u>TRIAL STATUS</u>

A jury trial is scheduled for Monday, August 18, 2008, at 9:00 a.m., before the Honorable Barry Ted Moskowitz, United States District Court Judge. The estimated length of the trial is two days.

C. <u>STATUS OF COUNSEL</u>

Defendant is represented by appointed counsel, Kris J. Kraus, Federal Defenders of San Diego, Inc.

D. <u>CUSTODY STATUS</u>

Defendant is currently in custody with bond set at $30,000.

E. <u>INTERPRETER</u>

The United States will not require an interpreter for any of its witnesses. It is anticipated that Defendant will require an interpreter.

F. <u>JURY WAIVER</u>

Defendant has not filed a jury waiver.

G. <u>PRE-TRIAL MOTIONS</u>

Motions in limine will be heard by the Court on Thursay, August 14, 2008, at 10:00 a.m.

///

///

2

H.   STIPULATIONS

The parties anticipate entering into stipulations regarding: 1) Defendant's fingerprints, and 2) Defendant's alienage.

I.   DISCOVERY

The United States has complied with its discovery obligations. Defendant has not yet provided reciprocal discovery.

## II

## STATEMENT OF FACTS

### A.   THE ATTEMPTED ENTRY

On Wednesday, January 30, 2008, at approximately 4:15 a.m., an individual named Jacob Shawn Estilow, age 29, applied for admission into the United States at the vehicle primary inspection area at the San Ysidro Port of Entry. Estilow was the driver and apparent sole occupant of a Chevrolet Silverado pickup truck. United States Bureau of Customs and Border Protection Senior Officer John Tobin was working at primary lane number nineteen and spoke with Estilow.

Officer Tobin asked Estilow routine questions. Estilow stated that: 1) he was a United States citizen; 2) he was headed to San Diego; 3) he had owned the pickup truck for one year; and 4) he had nothing to declare.

Officer Tobin then inspected the pickup truck. The officer opened the driver side door and found two persons hiding behind Estilow in the crew cab area. At that point, Officer Tobin radioed for assistance.

Customs and Border Protection Officer Ramon Cortez responded and found a total of three individuals, one of whom was later identified as Defendant, lying on the floor hidden beneath the rear seat covers. Officer Cortez then drove the pickup truck to the secondary inspection

area and removed all three persons from the cargo area.  At some point during this process, officers observed that one of these persons attempted to flee the area.

Further inspection of the pickup truck revealed that the rear bench seat had been previously removed, and the rear bench upholstery was used to conceal the three individuals who were later determined to be illegal aliens.

Shortly thereafter, officers conducted immigration computer queries and learned that Defendant was a previously deported criminal alien.  Defendant, age 36, was referred to the Port Enforcement Team and later arrested.

**B.    DEFENDANT'S POST-ARREST STATEMENTS**

At approximately 9:00 a.m., Customs and Border Protection Enforcement Officer Sergio Barron, as witnessed by Enforcement Officer Roger Quintana, Jr., advised Defendant of his <u>Miranda</u> rights in the Spanish language.  Defendant acknowledged his rights and elected to invoke his right to remain silent.

Further records checks confirmed Defendant had not applied for or received permission from the United States Attorney General or the Secretary of the Department of Homeland Security to attempt reentry into the United States.

**C.    DRIVER'S STATEMENTS**

Officers also interviewed Estilow, the driver of the pickup truck.  Estilow admitted he drove the pickup knowing it contained illegal aliens.  He stated he had been instructed to drive the aliens to Palomar Street in Chula Vista.  He expected $1,000 as payment for his smuggling effort.  Officers processed Estilow administratively and released him.

4

### D. DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY

Defendant has the following felony conviction:

February 3, 2005: California Penal Code section 288(a) (lewd act upon a child under 14); Orange County; 365 days county jail, 5 years probation.

Defendant has the following immigration history:

November 7, 2005: removed from Nogales; pursuant to an immigration judge's order.

## III

## PERTINENT LAW

A. ELEMENTS OF THE CHARGED OFFENSE

**Count One:**

Title 8, United States Code, Section 1326

The United States must prove beyond a reasonable doubt:

1. Defendant was deported from the United States;
2. Defendant had the conscious desire to reenter the United States without consent;
3. Defendant committed an overt act that was a substantial step towards reentering the United States without consent;
4. Defendant had not obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and
5. Defendant was an alien at the time of the Defendant's attempted reentry into the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

See 9th Cir. Crim. Jury Instr. 9.5A (2007).

## IV
## WITNESSES

The United States expects to call the following witnesses in its case-in-chief or in its rebuttal case, although it reserves the right

to change the order of these witnesses, substitute witnesses, add witnesses or omit one or more witnesses.

    1. CBP Officer John Tobin
    2. CBP Officer Ramon Cortez
    3. Enforcement Officer Mario Avila
    4. Immigration Enforcement Agent Benjamin Pickett

**V**

**JURY INSTRUCTIONS**

The United States will provide the Court with a set of proposed instructions under separate cover.

**VI**

**EXHIBIT LIST**

The United States intends to seek admission of the following exhibits in its case-in-chief or in its rebuttal case, although it reserves the right to change the order of these exhibits, substitute exhibits, add exhibits or omit one or more exhibits.

    1. Aerial photograph of San Ysidro Port of Entry;
    2. Photograph of Silverado pickup - front view;
    3. Photograph of Silverado pickup - back view;
    4. Photograph of Silverado pickup - side view;
    5. Photograph of Silverado pickup - front interior;
    6. Photograph of Silverado pickup - rear area with bench;
    7. Photograph of Silverado pickup - rear area without bench;
    8. Photograph of rear bench upholstery;
    9. Order of Immigration Judge dated November 7, 2005;
    10. Warning to Alien dated November 7, 2005;
    11. Warrant of Removal/Deportation dated November 7, 2005;
    12. Printout of CLAIMS database;

1   13.  Certificate of Non-Existence;

2   14.  A-File Documents for Alien Emigdio Hernandez-Miranda;

3   15.  A-File Documents for Alien Jose Padilla-Garnica;

4   16.  Stipulation I: Alienage;

5   17.  Stipulation II: Fingerprints.

## VII

## VOIR DIRE

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury questions:

1.  The witnesses in this case will include employees of the Department of Homeland Security, Customs and Border Protection. Has anyone had any interactions with this agency that would affect your ability to be fair and impartial when considering the employees' testimony?

2.  Has anyone ever been questioned by an Immigration, Customs, or Border Patrol officer or agent? Was there anything about that experience that might cause you to be biased when evaluating the testimony of immigration officers, or other federal agents involved in this case?

3.  Has anyone had any experience with any law enforcement agents, or any other law enforcement personnel, that would affect your ability to be fair and impartial when evaluating the testimony by law enforcement agents?

4.  This case involves alienage, and someone who the United States alleges is an alien; i.e, someone who is not a citizen of the United States. Does any member of the jury pool have relatives who are "aliens" by that definition? Would that affect your ability to

be fair and impartial?

    5.  This case also involves an individual who the United States will contend is a Mexican citizen, and not a citizen of the United States.  Does anyone have relatives or close friends who are Mexican citizens (and not U.S. citizens), and who live in Mexico?  Would your relationship with those relatives or friends affect your ability to be fair and follow the law as the Court explains it to you in this case?

    6.  Does any member of the jury pool have a friend or relative who is a lawful resident alien or naturalized U.S. citizen?  Would your knowledge about their experience in obtaining that status at all affect your ability to be fair and impartial in this case?

    7.  Does anyone have any feelings about the immigration laws or the laws regarding naturalization that would affect your ability to be fair?

    8.  Does anyone have a friend or relative who has been deported or removed from the United States?

    9.  Does everybody agree that the United States has a right to control, and make laws governing, who is permitted to enter or be in the United States, and who is forbidden from being in this country?  Does everybody agree that the United States has a right to insist that individuals seeking to enter this country follow certain procedures?

    10.  Does anyone tend to believe that citizens of other countries should be allowed to cross into the United States without inspection or prior authorization by U.S. officers?

    11.  Does anybody think the U.S. should not refuse to admit into this country people who have previously been deported?

12. Does anyone feel that due to philosophical, moral, religious or other reasons that they would have difficulty finding the Defendant guilty even if the United States had proven its case beyond a reasonable doubt?

13. Do you understand you cannot consider any feelings of sympathy or pity you may have for the Defendant when deciding the facts of this case?

The United States respectfully reserves the right to submit additional questions prior to trial.

DATED:   August 11, 2008

                                          Respectfully submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          /s/ Carlos Arguello
                                          _____
                                          CARLOS ARGUELLO
                                          Assistant U.S. Attorney
                                          email:carlos.arguello2@usdoj.gov