# 08CR0341-BTM
# USA V FIDEL HERNANDEZ-BELLO
# JURY INSTRUCTIONS

COURT'S INSTRUCTION NO. ___1___

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. TO THOSE FACTS YOU MUST APPLY THE LAW AS I GIVE IT TO YOU. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT. AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES OR SYMPATHY. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT. YOU MUST CONSIDER THE INSTRUCTIONS AS A WHOLE. AND YOU MUST NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING I MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN-- THAT IS A MATTER ENTIRELY UP TO YOU. A COPY OF THESE INSTRUCTIONS WILL BE GIVEN TO YOU TO TAKE INTO THE JURY ROOM TO CONSULT IF NECESSARY. HOWEVER, YOU MUST NOT TAKE ANY PHRASE, SENTENCE, PARAGRAPH OR INSTRUCTION OUT OF CONTEXT AND YOU MUST NOT SINGLE OUT SOME. IF YOU CONSULT THE INSTRUCTIONS, YOU MUST CONSIDER THEM AS A WHOLE.



COURT'S
EXHIBIT NO. __2__
IDENTIFICATION/EVIDENCE
DKT. # 08CR0341-B
DATE: 8/19/08

COURT'S INSTRUCTION NO. _2_

 

THE DEFENDANT IS ACCUSED IN AN INDICTMENT WITH BEING AN ALIEN, WHO PREVIOUSLY HAD BEEN EXCLUDED, DEPORTED AND REMOVED FROM THE UNITED STATES TO MEXICO, AND ATTEMPTED TO ENTER THE UNITED STATES WITH THE PURPOSE, THAT IS, THE CONSCIOUS DESIRE TO ENTER THE UNITED STATES WITHOUT THE ATTORNEY GENERAL OF THE UNITED STATES OR HIS DESIGNATED SUCCESSOR, THE SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY HAVING EXPRESSLY CONSENTED TO THE DEFENDANT'S REAPPLICATION FOR ADMISSION INTO THE UNITED STATES.  THE INDICTMENT IS NOT EVIDENCE.

THE DEFENDANT HAS PLEADED "NOT GUILTY" TO THE CHARGE CONTAINED IN THE INDICTMENT.  THIS PLEA PUTS IN ISSUE EACH OF THE ELEMENTS OF THE OFFENSE AS DESCRIBED IN THESE INSTRUCTIONS, AND IMPOSES ON THE GOVERNMENT THE BURDEN OF ESTABLISHING EACH OF THESE ELEMENTS BY PROOF BEYOND REASONABLE DOUBT.

COURT'S INSTRUCTION NO. 3.1

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

I INSTRUCT YOU THAT YOU MUST PRESUME A DEFENDANT TO BE INNOCENT OF THE CRIME CHARGED. THUS A DEFENDANT, ALTHOUGH ACCUSED OF A CRIME IN THE INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE"--WITH NO EVIDENCE AGAINST HIM. THE INDICTMENT, AS YOU ALREADY KNOW, IS NOT EVIDENCE OF ANY KIND. THE DEFENDANT IS, OF COURSE, NOT ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE INDICTMENT. THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST A DEFENDANT.  THE PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO FIND THE DEFENDANT NOT GUILTY AND CAN BE OVERCOME ONLY IF DURING YOUR DELIBERATIONS YOU DETERMINE THAT THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT, EACH ELEMENT OF THE CRIME CHARGED.

THE BURDEN IS ALWAYS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE. THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES FOR THE GOVERNMENT.

PROOF BEYOND A  REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT IS GUILTY. IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON

SENSE AND IS NOT BASED PURELY ON SPECULATION. IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM LACK OF EVIDENCE.

UNLESS THE GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT, EACH AND EVERY ELEMENT OF AN OFFENSE CHARGED IN THE INDICTMENT, YOU MUST FIND THE DEFENDANT NOT GUILTY OF THAT OFFENSE.

IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION WITH YOUR FELLOW JURORS OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT A DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THAT DEFENDANT NOT GUILTY. ON THE OTHER HAND, IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION WITH YOUR FELLOW JURORS OF ALL THE EVIDENCE, YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT A DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THAT DEFENDANT GUILTY.

COURT'S INSTRUCTION NO. 3.2

### THE RIGHT NOT TO TESTIFY

THE DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT UNDER OUR CONSTITUTION NOT TO TESTIFY.

THE FACT THAT THE DEFENDANT DID NOT TESTIFY MUST NOT BE DISCUSSED OR CONSIDERED BY THE JURY IN ANY WAY WHEN DELIBERATING AND IN ARRIVING AT YOUR VERDICT. NO INFERENCE OF ANY KIND MAY BE DRAWN FROM THE FACT THAT A DEFENDANT DECIDED TO EXERCISE HIS OR HER PRIVILEGE UNDER THE CONSTITUTION AND DID NOT TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

COURT'S INSTRUCTION NO. 4

## WHAT IS EVIDENCE

THE EVIDENCE FROM WHICH YOU ARE TO DECIDE WHAT THE FACTS ARE CONSISTS OF (1) THE SWORN TESTIMONY OF WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION, REGARDLESS OF WHO CALLED THE WITNESS; (2) THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE; AND (3) ANY FACTS TO WHICH THE GOVERNMENT AND THE DEFENDANT HAVE AGREED OR STIPULATED OR I HAVE INSTRUCTED YOU TO ACCEPT.

THE WEIGHT OF THIS EVIDENCE IS TO BE DETERMINED BY CONSIDERING ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE AND BY DETERMINING WHICH OF THE WITNESSES ARE WORTHY OF GREATER CREDENCE. THE WEIGHT OF THE EVIDENCE DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

COURT'S INSTRUCTION NO. _5_

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

EVIDENCE MAY BE DIRECT OR CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY BY A WITNESS ABOUT WHAT THAT WITNESS PERSONALLY SAW OR HEARD OR DID. CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE, THAT IS, IT IS PROOF OF ONE OR MORE FACTS FROM WHICH ONE CAN FIND ANOTHER FACT. YOU ARE TO CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE. THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.

COURT'S INSTRUCTION NO. _6_

## WHAT IS NOT EVIDENCE

IN REACHING YOUR VERDICT YOU MAY CONSIDER ONLY THE EVIDENCE AS I HAVE DEFINED THAT TERM FOR YOU. CERTAIN THINGS ARE NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM AS EVIDENCE IN DECIDING WHAT THE FACTS ARE. I WILL LIST THEM FOR YOU:

1. ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT EVIDENCE. THE LAWYERS ARE NOT WITNESSES. WHAT THEY HAVE SAID IN THEIR OPENING STATEMENTS, CLOSING ARGUMENTS AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE. IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS HAVE STATED THEM, YOUR MEMORY OF THEM CONTROLS.

2. QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE. YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION OR BY THE COURT'S RULING ON IT. IF A LAWYER HAS ASKED A QUESTION IN SUCH A WAY THAT IT STATES CERTAIN FACTS, THOSE FACTS ARE NOT EVIDENCE UNLESS A WITNESS OR WITNESSES HAVE TESTIFIED TO THE EXISTENCE OF THOSE FACTS OR THEY ARE ESTABLISHED BY SOME OTHER EVIDENCE.

3. TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED. IN ADDITION, SOME TESTIMONY AND EXHIBITS MAY HAVE BEEN RECEIVED ONLY FOR A LIMITED PURPOSE; WHERE I HAVE GIVEN A LIMITING

INSTRUCTION, YOU MUST FOLLOW IT.

   4.    ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE.  YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL.

COURT'S INSTRUCTION NO. 7

YOU ARE HERE ONLY TO DETERMINE WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY OF THE CHARGE IN THE INDICTMENT. YOUR DETERMINATION MUST BE MADE ONLY FROM THE EVIDENCE IN THE CASE. THE DEFENDANT IS NOT ON TRIAL FOR ANY CONDUCT OR OFFENSE NOT CHARGED IN THE INDICTMENT.

COURT'S INSTRUCTION NO. _8_

## CREDIBILITY OF WITNESSES

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

1.    THE OPPORTUNITY AND ABILITY OF THE WITNESS TO SEE OR HEAR OR KNOW THE THINGS TESTIFIED TO;

2.    THE WITNESS' MEMORY;

3.    THE WITNESS' MANNER WHILE TESTIFYING;

4.    THE WITNESS' INTEREST IN THE OUTCOME OF THE CASE OR ANY BIAS OR PREJUDICE;

5.    WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS' TESTIMONY;

6.    THE REASONABLENESS OF THE WITNESS' TESTIMONY IN LIGHT OF ALL THE EVIDENCE;

7.    WHETHER THE WITNESS PREVIOUSLY MADE DIFFERENT OR INCONSISTENT STATEMENTS COMPARED TO THOSE MADE HERE IN COURT; AND

8.    ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.

THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

COURT INSTRUCTION NO. __9__

## OPINION EVIDENCE, EXPERT WITNESS

YOU HAVE HEARD TESTIMONY FROM A PERSON DESCRIBED AS HAVING SPECIALIZED KNOWLEDGE. PERSONS WHO, BY EDUCATION AND EXPERIENCES, HAVE SPECIALIZED KNOWLEDGE IN SOME FIELD MAY STATE THEIR OPINION ON MATTERS IN THAT FIELD AND MAY ALSO STATE THEIR REASONS FOR THE OPINION.

SUCH OPINION TESTIMONY SHOULD BE JUDGED JUST LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESSES' EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION AND ALL THE OTHER EVIDENCE IN THE CASE.

COURT'S INSTRUCTION NO. _10_

THE DEFENDANT IS ACCUSED IN THE INDICTMENT AS FOLLOWS:

ON OR ABOUT JANUARY 30, 2008, WITHIN THE SOUTHERN DISTRICT OF CALIFORNIA, DEFENDANT FIDEL HERNANDEZ-BELLO, AN ALIEN, KNOWINGLY AND INTENTIONALLY ATTEMPTED TO ENTER THE UNITED STATES OF AMERICA WITH THE PURPOSE, I.E., CONSCIOUS DESIRE, TO ENTER THE UNITED STATES WITHOUT THE EXPRESS CONSENT OF THE ATTORNEY GENERAL OF THE UNITED OR HIS DESIGNATED SUCCESSOR, THE SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, AFTER HAVING BEEN PREVIOUSLY EXCLUDED, DEPORTED AND REMOVED FROM THE UNITED STATES TO MEXICO, AND NOT HAVING OBTAINED SAID EXPRESS CONSENT TO REAPPLY FOR ADMISSION THERETO; AND COMMITTED AN OVER ACT TO WIT, CROSSING THE BORDER FROM MEXICO INTO THE UNITED STATES, THAT WAS A SUBSTANTIAL STEP TOWARD COMMITTING THE OFFENSE, ALL IN VIOLATION OF TITLE 8, UNITED STATES CODE, SECTION 1326 (a) AND (b).

IT IS FURTHER ALLEGED THAT DEFENDANT FIDEL HERNANDEZ-BELLO WAS REMOVED FROM THE UNITED STATES SUBSEQUENT TO FEBRUARY 3, 2005.

IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THE CHARGE IN THE INDICTMENT, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THAT THE DEFENDANT HAD THE PURPOSE, THAT IS, THE CONSCIOUS DESIRE TO ENTER THE UNITED STATES WITHOUT THE EXPRESS CONSENT OF THE ATTORNEY GENERAL OR THE SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY OR ONE OF THEIR AGENTS TO REAPPLY FOR ADMISSION;

SECOND, THAT THE DEFENDANT KNOWINGLY AND INTENTIONALLY COMMITTED AN OVERT ACT THAT WAS A SUBSTANTIAL STEP TOWARDS ENTERING THE UNITED STATES WITHOUT THAT CONSENT ON OR ABOUT JANUARY 30, 2008, IN THE SOUTHERN DISTRICT OF CALIFORNIA, IN THAT HE

KNOWINGLY AND INTENTIONALLY CROSSED THE BORDER FROM MEXICO INTO THE UNITED STATES;

THIRD, THAT THE DEFENDANT WAS NOT A CITIZEN OF THE UNITED STATES;

FOURTH, THAT THE DEFENDANT HAD PREVIOUSLY BEEN DEPORTED AND REMOVED FROM THE UNITED STATES; AND

FIFTH, THAT THE UNITED STATES ATTORNEY GENERAL   OR THE SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY OR ONE OF THEIR AGENTS HAD NOT CONSENTED TO A REAPPLICATION BY THE DEFENDANT FOR ADMISSION TO THE UNITED STATES.

A PERSON IS A CITIZEN OF THE UNITED STATES IF HE OR SHE WAS BORN IN THE UNITED STATES OR WAS NATURALIZED.

THE SOUTHERN DISTRICT OF CALIFORNIA IS COMPOSED OF ALL OF SAN DIEGO AND IMPERIAL COUNTIES.

IF YOU FIND THE DEFENDANT GUILTY OF THE OFFENSE CHARGED IN THE INDICTMENT, YOU ARE TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS REMOVED FROM THE UNITED STATES SUBSEQUENT, THAT IS, AFTER, FEBRUARY 3, 2005.

COURT'S INSTRUCTION NO. __11__

AN ACT IS DONE KNOWINGLY IF THE DEFENDANT IS AWARE OF THE ACT AND DOES NOT ACT THROUGH IGNORANCE, MISTAKE, ACCIDENT OR OTHER INNOCENT REASON. YOU MAY CONSIDER THE EVIDENCE OF A DEFENDANT'S ACTS, WORDS OR OMISSIONS ALONG WITH ALL THE OTHER EVIDENCE IN DECIDING WHETHER THE DEFENDANT ACTED KNOWINGLY.

COURT'S INSTRUCTION NO. 12

I HAVE INSTRUCTED YOU THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS NOT A CITIZEN OF THE UNITED STATES. THE MERE FACT THAT A PERSON WAS DEPORTED, REMOVED, AND/OR REFERRED TO AS AN "ALIEN" ON IMMIGRATION DOCUMENTS IS NOT PROOF BEYOND A REASONABLE DOUBT BY ITSELF THAT SOMEONE IS NOT A CITIZEN OF THE UNITED STATES. YOU MAY CONSIDER ALL THE OTHER EVIDENCE IN THE CASE INCLUDING ANY STATEMENTS OR ACTS OF THE DEFENDANT IN DETERMINING WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS NOT A CITIZEN OF THE UNITED STATES. IF THE GOVERNMENT FAILS TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS NOT A CITIZEN OF THE UNITED STATES, YOU MUST RETURN A NOT GUILTY VERDICT.

COURT'S INSTRUCTION NO. _13_

IT IS THE GOVERNMENT'S BURDEN TO PROVE EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT. AMONG OTHER ELEMENTS IN THIS CASE, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT MR. HERNANDEZ-BELLO HAD THE PURPOSE, THAT IS, CONSCIOUS DESIRE TO ENTER THE UNITED STATES WITHOUT THE EXPRESS CONSENT OF THE ATTORNEY GENERAL OR THE SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY OR ONE OF THEIR AGENTS, TO REAPPLY FOR ADMISSION, AND THAT HE KNOWINGLY AND INTENTIONALLY COMMITTED AN OVERT ACT THAT WAS A SUBSTANTIAL STEP TOWARDS ENTERING THE UNITED STATES WITHOUT THAT CONSENT. MR. HERNANDEZ-BELLO'S POSITION IS THAT HE DID NOT HAVE THE CONSCIOUS DESIRE TO ENTER THE UNITED STATES WITHOUT CONSENT TO REAPPLY FOR ADMISSION, AND THAT HE DID NOT KNOWINGLY AND INTENTIONALLY COMMIT AN OVERT ACT THAT WAS A SUBSTANTIAL STEP TOWARDS REENTRY WITHOUT CONSENT. AFTER CONSIDERING THE EVIDENCE PRESENTED IN THIS CASE, IF YOU ARE LEFT WITH A REASONABLE DOUBT ABOUT WHETHER MR. HERNANDEZ-BELLO HAD THE CONSCIOUS DESIRE TO ENTER THE UNITED STATES WITHOUT CONSENT TO REAPPLY FOR ADMISSION, OR ABOUT WHETHER HE KNOWINGLY AND INTENTIONALLY COMMITTED AN OVERT ACT THAT WAS A SUBSTANTIAL STEP TOWARDS REENTRY WITHOUT CONSENT, YOU MUST RENDER A VERDICT OF NOT GUILTY.

COURT'S INSTRUCTION NO. 14

YOU HAVE BEEN CHOSEN AND SWORN AS JURORS IN THIS CASE TO TRY THE ISSUES OF FACT PRESENTED BY THE ALLEGATIONS OF THE INDICTMENT AND THE DENIAL MADE BY THE "NOT-GUILTY" PLEA OF THE DEFENDANT. YOU ARE TO PERFORM THIS DUTY WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. THE LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY SYMPATHY, PREJUDICE, OR PUBLIC OPINION. ALL PARTIES EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT AND REACH A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

COURT'S INSTRUCTION NO. _15_

THE PUNISHMENT PROVIDED BY LAW FOR THESE CRIMES IS FOR THE COURT TO DECIDE.  YOU MAY NOT CONSIDER OR SPECULATE AS TO THE PUNISHMENT PROVIDED BY THE LAW FOR THESE CRIMES IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.

COURT'S INSTRUCTION NO. 16

YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE INSTRUCTIONS. HOWEVER, NOTHING THAT I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE--THAT IS ENTIRELY FOR YOU TO DECIDE.

SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL. WHETHER OR NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT WAS SAID.  NOTES ARE ONLY TO ASSIST YOUR MEMORY.  YOU SHOULD NOT BE OVERLY INFLUENCED BY THE NOTES.

COURT'S INSTRUCTION NO. 17

WHEN YOU RETIRE TO THE JURY ROOM, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THE DUTIES OF THE FOREPERSON ARE TO PRESIDE OVER THE DELIBERATIONS, SPEAK FOR YOU HERE IN COURT AND READ ANY VERDICT OUT LOUD.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO. YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS. YOUR VERDICT AS TO WHETHER THE GOVERNMENT HAS OR HAS NOT PROVED THAT THE DEFENDANT WAS REMOVED FROM THE UNITED STATES SUBSEQUENT TO FEBRUARY 3, 2005, MUST ALSO BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION. DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

COURT'S INSTRUCTION NO. _18_

IF YOU HAVE REACHED UNANIMOUS AGREEMENT ON A VERDICT, YOUR

FOREPERSON WILL FILL IN THE FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND

DATE IT AND ADVISE THE BAILIFF OUTSIDE YOUR DOOR THAT YOU ARE READY

TO RETURN TO THE COURTROOM.

COURT'S INSTRUCTION NO. __19__

COMMUNICATION WITH COURT


IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE BAILIFF, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING; AND I WILL COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANYTHING CONCERNING THE CASE ONLY IN WRITING, OR ORALLY HERE IN OPEN COURT. IF YOU SEND OUT A QUESTION, I WILL CONSULT WITH THE PARTIES BEFORE ANSWERING IT, WHICH MAY TAKE SOME TIME. YOU MAY CONTINUE YOUR DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION. REMEMBER THAT YOU ARE NOT TO TELL ANYONE--INCLUDING ME--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF THE GUILT OF A DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.